UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONTRELL JACKSON,                    :
                                     :   Civil Action No. 10-6461 (WJM)
             Plaintiff,              :
                                     :
      v.                             :   **MEMORANDUM OPINION**
                                     :
VERDI STEVEN, et al.,                :
                                     :
             Defendants.             :

**APPEARANCES**:

Plaintiff <u>pro</u> <u>se</u>
Dontrell Jackson
Middlesex County Adult Correction Center
P.O. Box 260
New Brunswick, NJ 08903

**MARTINI**, District Judge

      Plaintiff Dontrell Jackson, a prisoner confined at the
Middlesex County Adult Correction Center in New Brunswick, New
Jersey, seeks to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>,
without prepayment of fees or security, asserting claims pursuant
to 42 U.S.C. § 1983.

      Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28
U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.
No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which
amends 28 U.S.C. § 1915, establishes certain financial
requirements for prisoners who are attempting to bring a civil
action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

      Under the PLRA, a prisoner seeking to bring a civil action
<u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff submitted a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007). However, Plaintiff used an out-of-date application, which incorrectly states that the filing fee is only $150, and in which he consented to periodic withdrawals from his institutional account until the (incorrect) $150 filing fee is paid. Thus, Plaintiff may not have understood that, if he is granted leave to proceed in forma pauperis, he will be assessed the $350 filing fee and

withdrawals will be made from his institutional account until that $350 filing fee is paid in full, regardless of the outcome of this litigation.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application for leave to proceed <u>in forma pauperis</u> will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.

s/William J. Martini

William J. Martini
United States District Judge

Dated: 10/27/11

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).